## SUPREME COURT.

### JOHN N. WILLARD agt. GEORGE R. ANDREWS and others.

*Ten per cent.* was allowed on the amount of the verdict at the circuit in a suit upon a promissory note, where the defendant put in a false answer, by which the plaintiff was thrown over a circuit.

*Rensselaer Circuit, June,* 1849.—On the 18th September, 1848, the defendant made his promissory note in writing to Wilson and Calkins for the sum of three hundred dollars, payable at the Troy City Bank, two months after date, and Wilson and Calkins on the same day endorsed and transferred the said note to the plaintiff, who then and there became the owner of it. When the note became due it was protested for non-payment, and an action was brought against the maker and endorsers. The endorsers suffered a default, but the defendant Andrews put in an answer, denying the making of the note and of the demand thereof, and also alleging that it was without consideration. The answer was verified under the old code by the defendant's attorney. The The cause being at issue was noticed for trial at the April Rensselaer circuit, but was not reached on the calendar. It was again noticed for trial and inquest at the late June circuit in Rensselaer county, and an inquest was taken by default for the amount of the note. The defendants made no defence. A motion is now made for an order allowing to the plaintiff ten per cent. on the recovery ($311.45) under the § 308 of the code, on the ground that the defence was unreasonably or unfairly conducted.

C. S. LESTER, *for the motion.*

C. W. ROOT, *contra,* read an affidavit of the defendant Andrews, that the defence was put in, in good faith—that the note was given to Wilson and Calkins upon false representations, and that there was not more than one hundred dollars due from him to them when it was given—that he had reason to expect he could prove that the suit was brought by the plaintiff for the benefit of Wilson and Calkins, and afterwards learned that he could not prove it.

WILLARD, Justice.—The defendant's answer was false. He does not now pretend that he did not give the note; nor does the answer set up the pretext that the suit was brought for the benefit of Wilson and Calkins, the payees and endorsers. The note having been transferred to the plaintiff before it was due, could not have been impeached by the defendant Andrews, on the ground of a want of consideration. It is quite clear that the defence was merely for delay and without the shadow

of any legal excuse. It was therefore "unfairly and unreasonably conducted," within the meaning of the code, § 308, as it unjustly threw the plaintiff over a circuit. I shall therefore direct that an allowance of ten per cent. on the recovery be made to the plaintiff and be inserted in the record by the clerk.